UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID BROWN AND LUCY MOORE                                                       PLAINTIFFS

VS.                                                           CIVIL ACTION NO. 3:16-cv-612-DPJ-FKB

RICHARD SMITH                                                                      DEFENDANT

REPORT AND RECOMMENDATION

On August 4, 2016, Plaintiffs David Brown and Lucy Moore filed a complaint [1] and a Motion to Proceed In Forma Pauperis [2] requesting that prepayment of the filing fee and costs be waived.  Having examined the application and affidavit submitted, the undersigned finds that Plaintiffs should be allowed to proceed *in forma pauperis* in this matter.  Accordingly, Plaintiffs' Motion to Proceeed In Forma Pauperis [2] is granted and the Clerk of Court is directed to accept Plaintiffs' complaint without prepayment of filing fees.  However, the Court may also examine the merits of the claims before allowing process to be issued.  Having reviewed and liberally construed Plaintiffs' claims *sua sponte*, the undersigned recommends that this case be dismissed without prejudice.

Section 1915 of Title 28, United States Code, which governs proceedings *in forma pauperis*, mandates that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The Fifth Circuit has held that under the statute, "[a] claim may be dismissed for failure to state a claim upon which relief can be granted if, assuming all well-pleaded facts are true, the plaintiff has not stated enough facts to state a claim to relief that is plausible on its face."

*James v. McDuffie*, 539 Fed. Appx. 435, 435 (5th Cir. 2013) (citation omitted).[1] To properly state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Because the court has permitted Plaintiffs to proceed *in forma pauperis* in this action, the complaint is subject to *sua sponte* dismissal under Section 1915.  Plaintiffs' complaint recites the following facts, quoted *verbatim*:

> To whom it may concern my son David Brown been sick ever since 1994, he got jump on and been sick ever since.  He have to take medicine every day his life.  He have to have a shot every month and other medicine.  This is a very very sick person.  He is living off God and medicine.  He has to go to mental health to take a shot.  I told them this but all of them in courthouse all over this town know he are a sick person since 1994.  The judge and D.A. is play with my son life here.  And they don't even care.  He has a bad disease.  I ask for pain and suffer.  They keep you so long in jail to get you some help.  They are try to destroy my son I know it.  But God not going to let this happen.  I know if he was white they would not do him like this.  It is wrong, but I know that God going to take of my son.  They need to pay for his pain and suffer.  He don't need to be there, he need to be where he can get some help.  He is a very sick person.  I love my son very much.  They are try to destroy my son and I know it.  One time he stay in jail 22 months now he been in jail 11 ½ months.  My son can't hurt know one, he need a lot of help from God.  I know this town was dirty but they past dirty.  I know that God is looking write at them.  They have no heart.  They do other disable people wrong also.  If you do disable people wrong how low can you go.  They are mess with my son health and life. . . .
>
> I am David Brown's mother.  David is a very very sick person, he been to CMC

---

[1] Section 1915(e)(2)(B) applies to *pro se* non-prisoner cases, as well as prisoner cases. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

> Medical Center, phone 601-371-1000, to Behavioral Health many times, he been to St. Dominic Health Center and Center here in Vicksburg, he been to Alliance Health in Meridian, Miss, he been to the Fayette Miss. Behavioral Health also, he been almost every where.  He live off God and medicine every day of his life.  They are mess with my son health and life and they know this and they don't even care.  They are so evil and wrong.  If he was white I know they would treat him like this.  All I want is what best for my child.  It take this so long to help someone for 2-3 years, 1 year or more.  They can destroy my son life but I pray every day that don't happen because he is a very very sick person.  I love my son very much I just want what best for him.

[1] at 3-5.

After reviewing the complaint, the undersigned is unable to determine the legal basis for Plaintiffs' claim, the type of relief they are seeking, or even whether the Court has jurisdiction.  Because Plaintiffs are proceeding *pro se*, their pleadings must be liberally construed.  *Pena v. United States of America*, 122 F.3d 3, 4 (5th Cir. 1997).  Even construing the complaint liberally, the undersigned finds that Plaintiffs have failed to state a claim upon which relief can be granted and the complaint should therefore be dismissed *sua sponte*.  Because the Court has not considered the merits of Plaintiffs' purported claims and there have been no substantive proceedings on the purported claims before the Court, the dismissal would be without prejudice.

For the reasons stated herein, the undersigned recommends that Plaintiffs' complaint be accepted as filed without the prepayment of filing fees, but be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) for failing to state a claim upon which relief may be granted.

Plaintiffs are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar them, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636.  Plaintiffs are further notified that they may amend their complaint within fourteen (14) days.

  Respectfully submitted, this the 13th day of October, 2016.


             /s/ F. Keith Ball
             UNITED STATES MAGISTRATE JUDGE