UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID BROWN AND LUCY MOORE                                               PLAINTIFFS

V.                                              CIVIL ACTION NO. 3:16-CV-612-DPJ-FKB

RICHARD SMITH, ET. AL                                                    DEFENDANTS

ORDER

This pro se case is before the Court on United States Magistrate Judge F. Keith Ball's Report and Recommendation (R&R) [4] in which he recommends dismissal under 28 U.S.C. § 1915(e)(2)(b) for failure to state a claim upon which relief may be granted. For the reasons that follow, the Court agrees that this matter should be dismissed without prejudice.

It appears that Plaintiff David Brown is, or has been, incarcerated in Warren County, Mississippi. According to the Complaint, Brown has been "sick" since 1994, has received behavioral health care "many times," and "is living off God and medicine." Compl. [1] at 3. On August 4, 2016, he and his mother Lucy Moore filed a complaint [1] suing Richard Smith, the District Attorney for Warren County, and Circuit Court Judge Isadora Patrick. Plaintiffs also have a pending motion seeking *in forma pauperis* (IFP) status. *See* Mot. [2].

On October 13, 2016, the Magistrate Judge recommended that the Court grant IFP status. R&R [4] at 1. The Court agrees and hereby grants Plaintiffs' motion. But proceeding IFP triggers § 1915(e)2)(B)(ii), which states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." On this basis, the Magistrate Judge also recommended dismissal because even a liberal reading of the pro se complaint left the court "unable to determine the legal basis for Plaintiffs' claim, the

type of relief they are seeking, or even whether the Court has jurisdiction." R&R [4] at 3. Plaintiffs were given fourteen (14) days to file an objection, and were counseled that they could "amend their complaint within fourteen (14) days." *Id.* at 4. The Court later extended the deadline for filing objections until January 6, 2017. Order [6. ], On January 5, Moore filed an objection on behalf of herself and her son that generally repeats the allegations of her complaint. No motion to amend has been filed.

Although the Report and Recommendation did not offer great detail regarding the deficiencies in the Complaint, the undersigned agrees that it fails to state a claim. To survive under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The present Complaint, even as supplemented by Plaintiffs' objections, falls well short of this mark.

To begin with, it is not apparent how Plaintiff Moore has standing to sue these defendants as it is her son who was apparently incarcerated.[1] As for Brown's claims, the allegations in the Complaint appear to relate to the conditions of his confinement, yet he has sued the district attorney and the circuit court judge. Again, it is not apparent from the Complaint how these officials can be liable for the conditions of confinement—an issue usually involving those responsible for administering the incarceration. Moreover, the Complaint lacks sufficient facts to overcome prosecutorial and judicial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that prosecutors enjoy absolute immunity when their actions are "intimately associated with the judicial phase of the criminal process"); *Davis v. Tarrant Cnty., Tex.*, 565

---

[1] Moore is cautioned that unless she is a licensed attorney, she may not represent her son in legal proceedings. *See* Miss. Code. Ann. § 73-3-55.

F.3d 214, 221 (5th Cir. 2009) ("A judge generally has absolute immunity from suits for damages."). And even if Plaintiffs had named the correct defendants, it appears from the Complaint and Objection that Brown is receiving some care, though not the care Moore would want for him. To state a valid claim under 42 U.S.C. § 1983, an inmate must show deliberate indifference; mere disagreement with the care provided is not sufficient. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir.1997).

This list of deficiencies is not meant to be exhaustive, but it is sufficient to find that the Report and Recommendation should be adopted by the Court. Moreover, the Court will not construe a motion to amend, because Plaintiffs failed to file such a motion within the time Magistrate Judge Ball allowed and because they appear to have pleaded their best case as to these defendants. But because Defendants have not been called upon to answer, dismissal will be without prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 56.

**SO ORDERED AND ADJUDGED** this the 9th day of January, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE